HALL *v.* STATE.

5097                                    372 S. W. 2d 603

Opinion delivered December 2, 1963.

*Thorp Thomas,* for appellant.

*Bruce Bennett,* Attorney General, by *Jack L. Lessenberry,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. This action relates to contempt of court. The facts are as follows:

Harold Hall, an attorney of Pulaski County, represented one Early Tolbert, Jr., in certain cases before the court, and on July 17 of this year, Tolbert entered a plea of guilty to the crime of robbery, and was sentenced to 21 years of imprisonment by the Pulaski County Circuit Court (First Division). In open court, Mr. Hall asked the court if he (Hall) could deliver the defendant to the State Penitentiary. The court thereupon refused the request, and the commitment was turned over to the office of the Sheriff. Subsequently, Hall contacted Sam Hallum, a deputy sheriff, and obtained his permission to deliver the prisoner to the penitentiary. Hallum testified, "I did it without taking a second thought. I worked with Harold on the Police Department." Upon learning of Hall's action,[1] the Circuit Court issued an attachment di-

---

[1] The record does not disclose how the matter was brought to the judge's attention.

294

recting the Sheriff to take Hall into custody and have him appear before the Circuit Court of Pulaski County on the 19th day of July at 10:00 A.M. to answer to contempt of court.[2] At the appointed time, Hall appeared, with counsel in his behalf, was informed of the nature of the charge filed, entered his plea of not guilty, and the court then proceeded to make its statement, and hear witnesses.[3] The court announced,

"In open court, Mr. Hall asked me if he could deliver this defendant to the State Penitentiary. I told him no, he could not, that I didn't think the defendant was entitled to any consideration and that this Court did not want that done."

Hall admitted that the court had used "words to that effect. * * * I understood you denied my request." When interrogated as to how he obtained the prisoner, Hall replied that he went to the Sheriff's office, talked to Deputy Sam Hallum, and advised the deputy that "I had asked the Court for permission to take him and the Court denied me permission. I asked if I could take him down the next morning." With Hallum's permission, Hall delivered the prisoner to the penitentiary.

At the conclusion of the hearing, the court fined Hall $50.00 for contempt. Counsel requested time to prepare the record for *certiorari,* and the request was granted. Pursuant thereto, the record has been lodged here, and we are asked to review the proceedings of the trial court and to declare the judgment void.

Respondent, the State, first presents the question of whether proper procedural steps have been followed to bring this matter to the court's attention, but we by-

---

[2] Bond was set at $100.00, which was made by Hall.

[3] Another attorney was cited, together with Hall, and the charge against the former was heard at the same time. The proof reflected that this attorney had three clients at the penitentiary that he desired to see, and accordingly went with Hall and the prisoner, the two attorneys sharing expenses. The evidence showed that this lawyer had never represented Tolbert, had never seen him in court, never conversed with him, and had nothing to do with making arrangements to deliver the prisoner to the penitentiary. The charge against this attorney was dismissed at the end of the hearing.

pass that proposition, and proceed to decide the matter on its merits.

Petitioner states,

"There is but one question presented in this case. Did the Court have jurisdiction to punish a person for an alleged contempt committed outside the presence and hearing of the Court without first being informed with reasonable certainty of the facts constituting the offense; without affidavits calling the Court's attention to the matter and in derogation of the statute involved.

"The answer to the above question is obvious. It could not."

As authority for this position, petitioner primarily relies upon *York* v. *State,* 89 Ark. 72, 115 S. W. 948. We do not agree that the *York* case is controlling.

There, an injunction was issued by the Chancery Court restraining J. B. York and his brother, Robert York, from holding a stockholders' meeting (Bluff City Lumber Company). Subsequently, the court commanded the defendants to appear before the court and show cause why they should not be punished for contempt for refusing to obey the injunction. No affidavit, information, or statement of, facts was presented to the court as a foundation for the issuance of the citation for contempt. York and his brother appeared before the court and requested time to file a response and prepare their defense. The court denied this request, and proceeded to take testimony as to the contempt charged, found the defendants guilty, and assessed the punishment of J. B. York at a fine of $10,000 and his brother, Robert York, at a fine of $5,000. The matter was presented to this court through petitions for a writ of *certiorari.* We quashed the two judgments for the fines, but the statute there involved is entirely different from the statute here under consideration. The *York* opinion quotes the statute, Section 3989 of Kirby's Digest, which is identical to Ark. Stat. Ann. § 32-401 (Repl. 1962). The statute reads as follows:

"Disobedience of an injunction may be punished by the court, or by the judge thereof, or any circuit judge in vacation, as a contempt. An attachment may be issued by the court or judge, upon the production of evidence by affidavit of the breach of the injunction, against the party committing the same. And unless he purges the contempt, if in vacation, the judge may commit him to jail until the sitting of the court, or take a bond with security for his appearance to answer for the contempt at the next term of the court, and in the meantime to obey the injunction."

The present case does not relate to violation of a civil injunction, and the statute involved is Ark. Stat. Ann. § 34-903 (Repl. 1962), which reads as follows:

"Contempts committed in the immediate view and presence of the court, may be punished summarily; in other cases, the party charged shall be notified of the accusation, and have a reasonable time to make his defense."

This statute (Section 722 of Kirby's Digest, which is identical to Section 34-903) is discussed in *CarlLee* v. *State,* 102 Ark. 122, 143 S. W. 909, and the distinction, herein noted, pointed out. The court then stated:

"Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts constituting the offense with which he is charged and an opportunity to make defense thereto—his day in court."

Here, the accused was informed of the basis of the alleged contempt in the attachment; was further advised of the facts constituting the charge at the outset of the hearing, and was given the opportunity to make his defense, which he proceeded to present. Unlike *York,* no request was made for a continuance for the purpose of additional time in which to prepare the defense; petitioner was present with counsel, entered his plea of not guilty, and the order recites, "by agreement the case is submitted to the court." Section 34-903 was fully com-

plied with. Certainly, petitioner suffered no prejudice in any manner under the procedure followed.

We think logic unquestionably supports the position taken. As stated in the *CarlLee* case,

"The spectacle of a court of record and general jurisdiction being without power to initiate a proceeding to punish for contempt * * * without an affidavit of some third person first made setting out the charge, would be pitiful in the extreme, and was not contemplated by our statutes and under our Constitution. The court would thus be rendered impotent, powerless to protect its authority and enforce its mandates and retain the respect and confidence of the people, for whose benefit it was organized and exists, except by the grace of some third person."

Petitioner also asserts that there was really no order by the court prohibiting him from transporting the prisoner to the penitentiary, and therefore no violation of Ark. Stat. Ann. § 34-901 (Repl. 1962). This section sets out the acts which constitute contempt, and petitioner, in making this assertion, has reference to Provision 3 of the section, which states that the court may punish persons guilty of "wilful disobedience of any process or order, lawfully issued or made by it." It is true that the court entered no written order, but to accept petitioner's argument, would simply be to place form before substance. If Hall had made the request of Judge Kirby on the streets, or in the corridors of the Courthouse, a different situation would be presented, and petitioner's argument might well contain merit. But here, the request and denial took place in open court. Hall apparently recognized the fact that he should obtain the court's approval before taking the prisoner to the penitentiary; it is clear that he distinctly understood that his request was refused. The refusal, in practical effect, was entirely the same as if the court had stated, or written, "You are hereby ordered not to deliver Tolbert to the penitentiary."

For the reasons herein set forth, the petition is denied.