James E. DAVIS *v.* John W. GOODSON, Circuit Judge

81-229                                                635 S.W.2d 226

Supreme Court of Arkansas
Opinion delivered June 21, 1982
[Rehearing denied July 19, 1982.*]

*C. Wayne Dowd* of *Dowd, Harrelson & Moore* and *N. Lynn Cooksey,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for respondent.

RICHARD B. ADKISSON, Chief Justice. The Miller County Circuit Court held petitioner, an attorney, in contempt of court for advising his client in open court that it was not necessary for him to follow a lawful order of the court.

*PURTLE, J., would grant rehearing.

Petitioner was sentenced to 24 hours in jail and fined $250. On appeal, we affirm.

The conduct which gave rise to the trial court's finding of contempt occurred after the client's case had been called. As petitioner and his client approached the bench the judge stated that he believed that the client was drunk. The following exchange then took place:

BY THE COURT:

Let's take a breathalizer and see. Go with the sheriff.

BY MR. DAVIS:

Just a minute. I don't see why he should be made to take one. It's self-incriminatory, and he should be advised that he —

BY THE COURT

Because he is staggering and coming around here in open court, and I asked him if he's had anything to drink, and he says he hadn't.

BY THE DEFENDANT:

That was because of my boots that —

BY MR. DAVIS:

You don't have to take the test.

BY THE COURT:

Yes, he will take the test, Mr. Davis. Mr. Sheriff, take him down. Now, if you want to get an order to stop me, you go ahead and get one, sir. But when I order one here in front, don't you tell somebody they don't have to do it.

BY MR. DAVIS:

He's my client, Your Honor. I can advise him as I see fit. If I'm wrong —

BY THE COURT:

If I'm wrong, you can take me to the Supreme Court, but don't get here in front of this court and tell somebody not to obey an order that I have just given. You hear me, sir?

BY MR. DAVIS:

I hear you.

Although an attorney has a duty to represent his client zealously, he should not engage in conduct which offends the dignity of the court. An attorney may make a proper objection to a ruling of the court but then should abide by the ruling so long as it remains in effect. *Stewart* v. *State*, 221 Ark. 496, 254 S.W.2d 55 (1953). Here, petitioner was clearly in contempt of court when he specifically advised his client in open court that he could disregard a lawful court order which had just been made.

Petitioner does not question the court's authority to order a breathalizer but alleges that the following statement did not constitute an order: "Let's take a breathalizer and see. Go with the sheriff." It is obvious from petitioner's immediate response that even he believed it to be an order:

BY MR. DAVIS:

Just a minute. I don't see why he should be made to take one. It's self-incriminatory, and he should be advised that he —

The statement was clearly taken as an order by the court and all present, and it was, in fact, an order. *See Hall* v. *State*, 237 Ark. 293, 372 S.W.2d 603 (1963).

Petitioner also argues that he merely advised his client that he did not have to take the test, which is different from advising his client to disobey the order. We fail to see or appreciate this fine distinction under the facts of this case.

Affirmed.

DUDLEY, J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority in this case in that I do not believe the applicable statutes were followed and I cannot find contemptuous behavior on the part of the petitioner.

Ark. Stat. Ann. § 34-904 (Repl. 1962) states:

Whenever any person shall be committed for a contempt under the provisions of this act (§§ 34-901 — 34-906), the substance of his offense shall be set forth in the order, or warrant of commitment.

This procedure was not followed by the court in this case. The court order which was entered on the docket sheet stated:

Def appeared drinking — intoxilyzer test ordered — Atty Davis in open ct. told def not to take the test. . . . Davis found in contempt — fine 250 and 24 hr in jail —

This brief annotation by the judge cannot be held to set out the substance of the offense of contempt by any stretch of the imagination.

I feel that the wording of the order "Davis in open ct. told def not to take the test" is not the true situation as reflected by the record. I listened to the tape of the proceedings involving the petitioner and the court, and I could nowhere hear any disrespect in petitioner's tone or wording to the court. It seems as though the petitioner never even got a change to finish out his objections before the court would

interrupt him. Under the Code of Professional Responsibility an attorney has the right and duty to advise his client as to the law. If an attorney advises a client in good faith even though that advice may be incorrect, he should not be held in criminal contempt of the court for doing what he feels is proper under the circumstances. The petitioner stated, "You don't have to take the test." This can be interpreted more than one way. Having listened to the tape and the voices and tones thereon, I do not feel that the petitioner ordered his client not to take the test but was merely advising him that he had the right not to take the test. Whether his client actually did have the right to refuse to take the test is not in issue. The issue is whether an attorney can advise a client in good faith as to what he believes the law to be without fear of being thrown in jail. To uphold a contempt citation in this case would, in my opinion, discourage attorneys from attempting to put forth their best effort in the defense of their clients. In any event, an attorney should be warned by the court prior to a finding of contempt and should definitely be afforded an opportunity to defend himself as to the charges.

I respectfully dissent.