R.S. McCULLOUGH *v.* Jack L. LESSENBERRY, Circuit Judge, Pulaski County Court, Fifth Division

89-93                                        780 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered November 20, 1989

*Friday, Eldredge & Clark*, by: *Jerry L. Malone*, for appellant.

*Wallace, Dover & Dixon*, by: *Joseph H. Purvis*, for appellee.

JACK HOLT, JR., Chief Justice. Appellant, R.S. McCullough, an attorney licensed to practice law in Arkansas, appeals from an order of the trial court finding him in contempt and imposing as punishment that he provide free legal services to a defendant in a case to be chosen by the court. We reverse and remand.

On August 24, 1988, McCullough was representing Hurley M. Jones on a charge of possession of a controlled substance with intent to deliver. Jones had been arrested by North Little Rock police, who had used a confidential informant to approach him to buy drugs. Jones had raised entrapment as a defense to the charge.

The informant, Kenneth Gilmore, had two prior misdemeanor convictions originating out of the North Little Rock Police Department, both of which were the result of reduced felony charges against him. In chambers, prior to trial, the deputy prosecuting attorney requested that the court not allow the informant to be impeached with the convictions.

The following exchange then occurred:

The Court: Well, no one can impeach anyone on a misdemeanor unless it involves a crime of dishonesty.

. . .

R.S. McCullough: Before we leave that point, Judge, I'd like to come back there whenever we get together because I've got some cases that says the *deposition* is wrong on that. In an entrapment scenario it is, matters that are not, might not usually be admissible are admissible because they specifically relate to the defendant's right to pursue the entrapment defense and I've got some cases that specifically allow not only that type of information to be dealt with, but not only that but whether or not the person is a convicted, I mean a known drug user or addicted which normally would have no relevance. But the Court says it has relevance in an entrapment case.

The Court: I'm not going to limit you on the issues of credibility and a person being addicted and being an informant would be an issue going to his credibility. But I'm not going to permit misdemeanors to be used to impeach the credibility of the witness on the kind of issues I understand are before me. Whenever they develop you raise those issues and I will hear them.

R.S. McCullough: Well, your Honor, before you really lock up a ruling I'd like to at least look at the other case. Let you look at the other case.

The Court: I'd be glad to do that. And I asked you to raise that issue when you're ready to.

R.S. McCullough: Well, okay.

The Court: If that doesn't suit you I'm sorry. That's the ruling of the Court and if I am in error in that respect then you'll get a reversal.

R.S. McCullough: Okay. Well —

. . .

The Court: You have an issue you want to raise, raise it.

R.S. McCullough: Well Judge, I'm really just trying to avoid a situation. I don't want to make you mad or anything out there in front of the jury or anything by bringing it up.

The Court: You are not going to make me mad. I just want you to when you've got an issue and you're ready to present it then let me know about it at *this* time. I've told you what I expect my ruling will be.

R.S. McCullough: All right.

During cross-examination of the informant, Mr. Gilmore, the following exchange took place:

R.S. McCullough: Mr. Gilmore, isn't it true that you first got involved with the police period on doing these type of cases occurred when you got arrested —

Mr. Gilmore: No.

Mr. Black (deputy prosecutor): Objection.

Counsel for the State and the defense approached the bench and conferred with the court, out of the hearing of the jury:

The Court: What was the question?

R.S. McCullough: I asked him wasn't it true that he first got involved with the police in reference to these type of transactions when he himself got arrested.

The Court: Is there any evidence he was ever arrested for anything?

Mr. Black: Yes, sir. He's been arrested and convicted of a misdemeanor, your Honor. The whole reason for that question is to get that in through the back door where he can't ask him direct.

R.S. McCullough: No, I can get that in through the front door, your honor. I've got case law that supports that.

The Court: All right. We'll have a recess and you can show it to me.

During recess, McCullough cited and attempted to discuss in detail several cases with the trial court in support of his position that prior arrests and misdemeanor convictions are admissible on cross-examination where the defense of entrapment is raised inasmuch as the arrests and convictions pertain to motive, plan, or intent of the informant. *See Sorrells* v. *United States*, 287 U.S. 435 (1932); *Spears* v. *State*, 264 Ark. 83, 568 S.W.2d 492 (1978); *Brascomb* v. *State*, 261 Ark. 614, 550 S.W.2d 450 (1977). As a result, the following dialogue took place:

The Court: May I — Well, no, I'm not sure you understand what the issue is. Did you understand my ruling in Chambers about that?

R.S. McCullough: I understood the Court to say at that time that you hadn't made a ruling because the point hadn't been raised and that I was not allowed to present anything at that time. You said to simply raise it and at the time it came up.

The Court: And I would rule upon it.

R.S. McCullough: We'd deal with it then. That's what I thought.

The Court: I find you in contempt. The punishment for contempt will be imposed after trial.

By order of January 9, 1989, the trial court found that R.S. McCullough willfully violated an order of the court and therefore found him to be in contempt. As punishment, the court ordered McCullough to represent a defendant free of charge in a case of the court's own choosing. From this order, McCullough appeals.

For reversal, McCullough contends that the trial court erred in finding him in contempt of court for willful violation of an order of the court inasmuch as the court made no ruling on the admissibility of the informant's arrests or convictions for the purpose of showing motive, plan, or intent of the informant. We agree.

■ Appellee concedes in his brief that this is a case involving criminal contempt. In criminal contempt cases, this court examines the record on appeal for substantial evidence to support the decision of the trial court. *Morrow* v. *Roberts*, 250 Ark. 822, 467 S.W.2d 393 (1971). *See also Lilly* v. *Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989).

■ Ark. Code Ann. § 16-10-108(a) (1987) provides in pertinent part: "Every court of record shall have the power to punish, as for criminal contempt, persons guilty of the following acts, and no others: . . . (3) Willful disobedience of any process or order lawfully issued or made by it." *See Hall* v. *State*, 237 Ark. 293, 372 S.W.2d 603 (1963). However, the general rule is that before a person may be held in contempt for violating a court order, that order must be in definite terms as to the duties thereby imposed upon him, and the command must be expressed rather than implied. *Wood* v. *Goodson*, 253 Ark. 196, 485 S.W.2d 213 (1972). *See also Lilly* v. *Earl, supra.*

In examining the conversations between McCullough and the trial court, it is readily apparent that the court did not issue any orders in definite terms as to the duties imposed upon McCullough, nor is there substantial evidence to support the decision of the trial court.

Granted, the court advised McCullough that it "was not going to permit misdemeanors to be used to impeach the credibility of a witness. . . ." However, the court did not preclude McCullough from probing further into the informant's arrests and misdemeanor convictions for purposes other than credibility, i.e., to show the motive, plan, or intent of the informant. To the contrary, the court invited McCullough to raise the issue at trial.

Although the court and McCullough spoke of "credibility" at times, McCullough obviously and understandably comprehended the court's invitation to mean that he could introduce evidence concerning the informant's relationship with police to show the informant's motive, plan, or intent in the alleged entrapment of the defendant. Such evidence may well have been admissible under our rules of evidence. *See* Ark. R. Evid. 404(b).

■ The court did not issue an order commanding McCullough to refrain from raising the issue of the informant's prior arrests and misdemeanor convictions for the purpose of showing the informant's motive, plan, or intent. Nevertheless, the court found him in contempt for doing so. At most, we have a misunderstanding between the parties as to the purpose of McCullough's cross-examination. This misunderstanding does not provide the basis for a finding of willful disobedience of a court order. We reverse and remand.

Reversed and remanded.