Robert FELLOWS *v.* STATE of Arkansas

CR 91-156                                          823 S.W.2d 893

Supreme Court of Arkansas
Opinion delivered February 3, 1992

*Appellant*, pro se.

No response.

PER CURIAM. This court issued a show cause order directing appellant's counsel, John Hollis, to appear and show cause why he should not be held in contempt for failure to file a timely brief in this case. In July 1991, we granted a motion for rule on the clerk, noting that Mr. Hollis had admitted the record was tendered late in this case due to his neglect. *Fellows* v. *State*, 306 Ark. 257, 810 S.W.2d 338 (1991). Appellant's brief was scheduled to be filed on August 10, 1991, but was not received. Mr. Hollis acknowledges having separate notices from the office of the Criminal Justice Coordinator and the Clerk of this Court during November and December prompting him to file a brief, but he again failed to do so. No brief had been filed at the time this court issued its shown cause order on January 13, 1992.

Mr. Hollis appeared before this court on Monday, January 27, 1992, and admitted to the foregoing facts. In addition to extending his apologies, he offered in mitigation his inexperience in these matters. He believed it was unethical to file a brief and statement of points to which he could not subscribe, and he was unaware that he could or should file a no-merit brief under such circumstances. As a consequence, Mr. Hollis says he allowed his lack of conviction in the merits of this appeal to supercede his duty to file a brief.

From the foregoing, we hold that Mr. Hollis is in contempt for failing to comply with this court's directives and fine him $200.00. *See Smith* v. *State*, 295 Ark. 700, 750 S.W.2d 61 (1988). His brief is accepted and filed and his motion to withdraw is granted effective this date. On January 3, 1992, appellant filed a motion reflecting his inability to communicate with Mr. Hollis, his request to have Mr. Hollis dismissed as counsel and to have another appointed for appeal purposes. We also grant appellant's motion for new counsel and in doing so appoint Anne Orsi.