Ivan Floyd PIPKIN v. STATE of Arkansas

CR 94-515                                      892 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*A. Wayne Davis*, for appellant.

No response.

PER CURIAM. Ivan Floyd Pipkin was sentenced to four years imprisonment on a charge of possession of a controlled substance with intent to deliver. His attorney, A. Wayne Davis, failed to file a timely brief. By per curiam order of this Court, dated December 6, 1994, a Master was appointed to conduct a hearing and make findings of fact as to whether Mr. Davis had a meritorious defense to his failure to file a brief on behalf of Pipkin in this matter within the time prescribed in Rule 4-3 of the rules of the Arkansas Supreme Court and Court of Appeals.

The Master conducted a hearing on December 21, 1994. Mr. Davis was present and announced that he was ready to proceed. He admitted that he was attorney of record for Pipkin in the matter and that he was solely responsible for filing a brief on behalf of Pipkin in this Court. Mr. Davis also stated that the brief was due to be filed no later than July 5, 1994, and that he had been out of town on that date but had dictated a petition for an extension of thirty days in which to file the brief with instructions that it be filed on that date. Due to the heavy workload of the staff and the resignation of the staff manager, the petition was not completed in time for filing until the next day, and a copy of the petition bearing the stamp of the Clerk of this Court reflects that a petition was filed at 11:05 a.m. on July 6, 1994. Testimony by Ms. Dianna Lacy convinced the Master that, had she been pre-

sent, she would confirm the stated reason for failure to file the petition on time.

There was no evidence of any further effort on the part of Mr. Davis to tender or to obtain permission to file an untimely brief as permitted under the Rules of this Court.

Mr. Davis admitted receipt of notice from the Clerk of this Court calling his attention to the fact that no brief had been filed and requesting a response. He testified that he did call the Clerk's office and Mr. Steen was out, but that he had informed Robin Horne, Chief Deputy Clerk, that he would call Mr. Steen later that day, which he did not do. No response to the notice was ever received by the Clerk.

At the time of the Master's hearing, Mr. Davis announced that he had almost completed a brief on behalf of Pipkin and that it would be tendered to the Clerk on December 27, 1994. As of this date, no brief has been filed by Mr. Davis.

Mr. Davis stated that he accepts full responsibility for failure to file the brief on time or take further steps to tender a belated brief. In mitigation, he stated that his failure was due to the fact that he practiced alone, was frequently out of town, and "simply could not get it prepared." He denied any contemptuous intent and expressed his remorse for not filing the brief.

From the foregoing, we hold that Mr. Davis is in contempt for failing to comply with this court's directives. He has demonstrated not only mismanagement of his client's affairs but also an inability to fulfill his obligations to this Court and his commitment to the Master that he would file his brief no later than December 27, 1994. For these reasons, we fine him $500 and direct that a copy of this opinion be forwarded to the Committee on Professional Conduct. *See Fellows* v. *State*, 308 Ark. 258, 823 S.W.2d 893 (1992).

Glaze, J., not participating.