Ivan Floyd PIPKIN v. STATE of Arkansas

CR 94-515                                    892 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*A. Wayne Davis*, for appellant.

No response.

PER CURIAM. On May 17, 1994, Ivan Floyd Pipkin appealed his conviction in the Stone County Circuit Court, Case No. 91-36, and lodged the record of trial in this court. On June 24, Pipkin's attorney, A. Wayne Davis, Little Rock, Arkansas, requested a seven-day clerk's extension, making his brief due on July 5, 1994.

On June 27, 1994, Mr. Davis, by letter, confirmed the clerk's extension and acknowledged that the appellant's brief would be due on Tuesday, July 5, 1994. On October 27, 1994, our clerk, Mr. Steen, mailed a letter to Mr. Davis advising him that the records indicated that a brief had not been filed or tendered in the appellant's behalf, nor had a further motion for an extension of time been granted. In addition, the clerk called for a response to his letter, to which Mr. Davis has not replied.

On November 21, 1994, we ordered Pipkin's counsel, A. Wayne Davis, to appear in this court on Monday, December 5, 1994, to show cause why he should not be held in contempt for failing to file the abstract and brief. Mr. Davis appeared in person and pled not guilty asserting that he had a meritorious defense. As a result, this court appointed a Master to conduct hearings,

during which Mr. Davis admitted he was the attorney of record and was solely responsible for filing a brief on behalf of Mr. Pipkin in this court. At the time of the Master's hearing, Mr. Davis announced that he had almost completed a brief on behalf of Mr. Pipkin, and that it would be tendered to the clerk on December 27, 1994.

By per curiam order dated January 9, 1995, we held Mr. Davis in contempt for failing to comply with this court's directives to file a brief on behalf of his client, and in addition, we fined him $500.00.

The court has been informed by the clerk that Mr. Davis has yet to tender an abstract and brief in his client's behalf and has failed to pay his fine to the court.

For these reasons, we set a hearing date on Monday, February 6, 1995, at 9:00 a.m. and direct Mr. Pipkin's counsel, A. Wayne Davis, to appear and show cause why he should not be held in contempt for failing to file the abstract and brief in this case as well as pay his fine for contempt of court.

GLAZE, J., not participating.