Ivan Floyd PIPKIN *v.* STATE of Arkansas

CR 94-515                                896 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered March 27, 1995

PER CURIAM. The procedural background in this matter is set forth in our *per curiam* opinion delivered on January 30, 1995. *Pipkin* v. *State*, 319 Ark. 371, 892 S.W.2d 241 (1995). Attorney A. Wayne Davis, counsel for appellant Ivan Floyd Pipkin, was cited to appear before this court on February 6, 1995, to show cause why he should not be held in contempt for failing to file the abstract and brief in his client's case and for failing to pay the $500 fine levied in our *per curiam* opinion of January 9, 1995. *See Pipkin* v. *State*, 319 Ark. 237, 892 S.W.2d 240 (1995). Mr. Davis did not appear on February 6, 1995.

The Clerk of the Arkansas Supreme Court, in a letter dated March 8, 1995, informed Mr. Davis of the outstanding January 30 *per curiam* order and advised him that he was directed to appear on March 13, 1995, and show cause why he should not be held in contempt for failure to file briefs in the *Pipkin* appeal. During his appearance before this court on March 13, 1995, Mr. Davis stated that he had paid the $500 fine but acknowledged that he still had not filed the appellate brief.

The following exchange occurred between Chief Justice Jack Holt, Jr., and Mr. Davis on Monday, March 13, 1995:

> *Chief Justice Holt*: All right, let's go on to the second issue. The fine has been paid; what about the brief?
>
> *Mr. Davis*: The brief will be filed not later — I will not be able to rest until it is done — it should be filed by Wednesday [March 15], not later than Friday [March 17]. It is with much humility and embarrassment that I am out here again, and I will not be able to rest until I get this brief finished — and it is substantially finished. What I've done is that I decided to add another point to the — all the abstracts are done.
>
> *Chief Justice Holt*: Did you not tell Judge Cracraft [the Master] back in December that it would be in in a few days?
>
> *Mr. Davis*: That is correct. I did, and, Your Honor, at the time I thought I would be able to complete that, but there was some circumstances created there that necessitated me leaving the state, and I just simply could not — and we started this jury trial at the end of January — first of Feb-

ruary — February 2nd. At that time, I thought I — it was reasonable for me to anticipate being completed by that time, and some things happened.

*Chief Justice Holt*: Did you make any attempt to notify anyone or make any motions for continuance?

*Mr. Davis*: No. After the hearing with Judge Cracraft, I visited with Mr. Steen [the Clerk], and I was going to bring the brief in.

Mr. Davis failed to file the brief on either March 15 or March 17, the dates he indicated at his show-cause hearing. Indeed, as of this date, the brief in question has not been filed.

██ Before a person may be held in contempt for disobeying a court order, that order must be couched in definite terms with respect to the duties imposed upon him, and the command must be expressed rather than implied. *McCullough* v. *Lessenberry*, 300 Ark. 426, 780 S.W.2d 9 (1989). The duties imposed upon Mr. Davis in our *per curiam* orders were precise in expression. Therefore, pursuant to the authority granted by Ark. Code Ann. § 16-10-108(a)(3) (Repl. 1994), we declare Mr. Davis to be guilty of criminal contempt for his willful and continued disobedience of this court's *per curiam* orders directing him to file the abstract and brief in the above-styled criminal appeal.

██ It has long been held that the right to punish for contempt is inherent in all courts. *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984); *Neel* v. *State*, 9 Ark. 259, 50 Am. Dec. 209 (1849). We hereby order Mr. Davis to be imprisoned for five (5) days for criminal contempt. Accordingly, we direct the Arkansas State Police to take immediate custody of Mr. Davis and to deliver him forthwith to the Pulaski County Regional Detention Facility.

GLAZE, J., not participating.