Ivan Floyd PIPKIN v. STATE of Arkansas

CR 94-515                                898 S.W.2d 54

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*A. Wayne Davis* and *Al Schay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

PER CURIAM. In September of 1991, Ivan Floyd Pipkin, appellant, was charged in Stone County Circuit Court with possession of marijuana with intent to deliver. He was tried and convicted in October of 1993. On November 15, 1993, appellant's attorney, A. Wayne Davis, filed a timely notice of appeal, and on May 17, 1994, the transcript was filed in this court.

On June 24, 1994, Davis requested a seven-day clerk's extension for the filing of his brief, and the clerk granted the extension. His brief was then due on July 5, 1994. On October 27, 1994, the clerk of this court notified Davis that his brief was overdue and asked him to file the brief immediately. Davis refused to respond.

On November 21, 1994, this court ordered Davis to appear and show cause why he should not be held in contempt for failure to file Pipkin's brief. *Pipkin* v. *State*, 319 Ark. 762-A, 887 S.W.2d 309 (1994). Davis pleaded not guilty. This court appointed a Master to make findings of fact. The Master conducted a hearing and found no fact that would go to a meritorious defense. This court found Davis in contempt of court and fixed sentence. *Pipkin* v. *State*, 319 Ark. 237, 238, 892 S.W.2d 240, 241 (1995).

On February 13, 1995, this court appointed Al Schay as additional counsel to assist Davis in the preparation of Pipkin's direct appeal. Mr. Schay has now filed a brief for Pipkin, but that brief states that Pipkin no longer wishes to pursue his direct appeal filed by Davis because he has completed his imprisonment and is on parole and because the direct appeal could lead to a retrial, which he does not want. Mr. Schay's brief is accordingly limited to a post-conviction argument that asks us to void the conviction because of ineffective assistance by Davis.

On March 31, 1995, Davis tendered Pipkin's brief on direct appeal. It was not filed by the clerk of the court because it does not comply with Rule 4-2 of the Rules of the Supreme Court. Mr. Davis still has not corrected the deficiencies in the contents of the brief. On April 4, 1995, Davis filed a motion to file a belated brief.

On May 23, 1995, appellant Pipkin filed a motion to dismiss that part of his direct appeal that is included in Davis's brief,

which was tendered but not filed. The court today grants Pipkin's motion to dismiss that part of the appeal. The court will now proceed with only that part of the appeal argued in the brief filed by Mr. Schay. A copy of this opinion is being forwarded to the Supreme Court Committee on Professional Conduct.

GLAZE, J., not participating.