Christopher Ray STONE *v.* STATE of Arkansas

CR 94-61                                              902 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered July 17, 1995

*Marcus Vaden* and *Boyd Tackett, Jr.,* for appellant's attorneys, Frank Shaw and F.N. "Buddy" Troxell.

No response.

PER CURIAM. Christopher Ray Stone was convicted of first degree murder and sentenced to life imprisonment. A timely notice of appeal was filed by his attorneys, Frank Shaw and F.N. "Buddy" Troxell, yet they failed to file a brief on Stone's behalf with this Court, despite having been granted appropriate extensions of time to do so. By per curiam order of this Court, dated

January 3, 1995, a Master was appointed to conduct a hearing and make findings of fact as to whether Mr. Shaw and Mr. Troxell had a meritorious defense to their failure to file a brief as prescribed by Ark. Sup. Ct. R. 4-3.

The Master conducted a hearing on February 1, 1995, at which time Mr. Shaw and Mr. Troxell were present and represented by counsel. After hearing testimony of witnesses and considering the evidence, the Master made the following Findings of Fact:

(1)    Mr. Shaw and Mr. Troxell were attorneys of record in the case of Stone v. State, filed a notice of appeal and were jointly obligated and responsible for perfecting the appeal. All pleadings filed in this case, either by Shaw or Troxell, were on behalf of both attorneys.

(2)    After two extensions, the record was filed late on February 20, 1994.

(3)    The appellant's brief was first due to be filed April 2, 1994.

(4)    The Motion of Shaw and Troxell to be relieved as counsel was denied on March 7, 1994. Evidently this was in response to a motion filed by Shaw on February 17, 1994 to be relieved.

(5)    The Motion by Shaw and Troxell for reconsideration dated March 9, 1994 was denied March 28, 1994. Justice Hays and Glaze would grant.

(6)    A Motion to extend the brief time 120 days was filed March 30, 1994. It was granted in part; the brief due by July 1, 1994.

(7)    The brief was not filed on July 1, 1994 and no pleading was filed by the attorneys with the Court until after the State filed a motion to dismiss on September 21, 1994.

(8)    On September 27, 1994 the attorneys answered the motion to dismiss and requested another extension to file the brief.

(9)    On October 10, 1994 this Court denied the motion to dismiss, granted another 60 days to file the brief, stating it was

the FINAL EXTENSION. The brief was to be filed by December 19, 1994.

(10)  On December 7, 1994 Ray Hartenstein filed a motion to be substituted as counsel.

(11)  This Court granted that motion in part but ordered Shaw and Troxell to show cause for failure to file a brief in this case.

(12)  No brief was filed on December 19, 1994.

(13)  Shaw and Troxell have failed to prove by a preponderance of the evidence meritorious reasons for failing to file a brief as required, either on July 1, 1994 or December 19, 1994.

(14)  Mr. Shaw was primarily responsible for filing the brief, but both counsel were legally responsible.

(15)  Neither counsel made substantial efforts to prepare the brief for filing. Instead, both counsel spent their time trying to get Mr. Hartenstein in a position to file the briefs.

(16)  Both Counsel knew of the July 1, 1994 deadline and Mr. Shaw allowed it to pass without any action.

(17)  Both counsel had a responsibility professionally to file the brief in this case and there is no good reason they could not have done so, or caused it to be filed. They had 10 months to do so before this court cited them to show cause.

On February 13, 1995, the Clerk of this Court furnished copies of the Master's Findings of Fact to counsel for the parties and advised counsel that, pursuant to Ark. R. Civ. P. 53(e)(2), they had twenty days in which to file objections. Neither party filed objections with this Court. A motion to dismiss the contempt proceedings was denied by this Court on February 20, 1995.

■   From the foregoing, we hold that both Mr. Shaw and Mr. Troxell are in contempt for failing to comply with our directives. They have demonstrated not only mismanagement of their client's affairs, but also an inability to fulfill their obligations to this Court in failing to file a brief, even after extensions of time were granted to do so. Inasmuch as Mr. Shaw was primarily

responsible for the filing of the brief, we fine him $500 and Mr. Troxell $250, and direct that a copy of this opinion be forwarded to the Committee on Professional Conduct. *See Fellows* v. *State*, 308 Ark. 258, 823 S.W.2d 893 (1992).