Robert CAPLE *v.* STATE of Arkansas, County of Van Buren

CR 96-799                                   945 S.W.2d 363

Supreme Court of Arkansas
Opinion delivered May 27, 1997

*Mel A. Jackson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen. and Senior App. Advocate, for appellee.

PER CURIAM. On May 18, 1995, Robert Caple was convicted of crimes in Van Buren County. Timely notices of appeal were filed on June 18, 1995, and on June 19, 1995. Four attorneys have served as Caple's counsel in this cause. They requested and were granted continuance motions in order to perfect Caple's appeal; nevertheless, the appeal transcript was not lodged in the case. Therefore, attorneys Steve Kirk, George Stephens, Ralph Blagg, and Mel A. Jackson, by per curiam order of February 17, 1997, were ordered to appear on March 3, 1997, to show cause why any one or all of them should not be held in contempt of court for failure to perfect the appeal in this case.

At the show-cause hearing, Mel A. Jackson accepted responsibility for his part; the other three attorneys pled not guilty, and requested a hearing. Thus, by per curiam order of this court, dated March 12, 1997, the Honorable Jack Holt, Jr., was appointed master to conduct a hearing and make findings of fact as to whether George Stephens, Steve Kirk, and Ralph Blagg had a

meritorious defense to their failure to perfect the appeal of Caple's convictions as prescribed by Ark. Sup. Ct. R. 4-3. It was determined that a substitute master was necessary, and, on March 24, 1997, Honorable Jack Lessenberry, was appointed to conduct the hearing and make findings of fact.

The hearing was conducted on April 21, 1997, at which time Mr. Stephens was present and represented by counsel, and Messrs. Kirk and Blagg appeared without counsel. After hearing testimony of witnesses and considering the evidence, the master made the following findings of fact:

Judge Karen Baker was the public defender in Van Buren County. She represented Caple when he was convicted. Judge Baker filed a notice of appeal on June 18, 1995. Shortly afterwards, Ms. Baker received notice that she would be appointed to fill the vacancy created by the untimely death of Judge Watson Villines.

Judge Baker worked as rapidly as she could completing two briefs which were due in the Court of Appeals, and notifying defendants and courts of the change which was to come about. Ms. Baker learned that Steve Kirk had also filed a notice of appeal on behalf of Caple. She telephoned Mr. Kirk's office and talked with someone there on two occasions about the Caple matter. Ms. Baker conferred with the county judge and he agreed that she could assign to George Stephens her contract with Van Buren County.

Judge Baker took office on July 14, 1995. She did not recall receiving a copy of Sue Newbery's letter to George Stephens dated March 12, 1996. (Kirk Ex. 2)

Attorney Steve Kirk was contacted by Caple after his conviction desiring to obtain a bond reduction and an appeal. A person on behalf of Caple paid Kirk a portion of the fee. Kirk filed a notice of appeal on June 19, 1995. On September 14, 1995, the time to file the appeal record was extended 120 days by order of Judge David L. Reynolds.

Kirk advised Caple that the court reporter required a deposit of $1,500 to prepare a transcript of the proceedings. A letter bear-

ing a postmark of January 8, 1996 from Caple to Kirk stated that Caple had no means to pay the expense of the transcript and that he, Caple would proceed *pro se*.

Kirk received a copy of a letter dated March 12, 1996, from Sue Newbery, Criminal Justice Coordinator, to George Stephens stating that Caple had tendered a *pro se* pleading. The letter said parenthetically that Kirk had filed a notice of appeal, but that was ineffective. Ms. Newbery concluded that the responsibility of the appeal was with Stephens. (Kirk Ex. 2)

Based upon the letter, and Caple's letter, Kirk believed that he had no further responsibility regarding the appeal.

Deborah Whillock is the court reporter for the Van Buren Circuit Court. She wrote to Kirk on June 26, 1995, to advise him of the approximate cost of the appeal transcript. She wrote a reminder letter to him on August 10, 1995.

Attorney George Stephens was assigned the contract of Karen Baker when she became judge and he became the Public Defender for Van Buren County. He said that he was not aware of the Caple appeal. Stephens remembers talking with Sue Newbery on the telephone about the Caple appeal, but denies having ever seen her letter to him dated March 12, 1996. Stephens resigned as public defender on April 9, 1996, twenty-eight days after the date of Newbery's letter.

Attorney Ralph Blagg became the public defender on April 20, 1996, after the resignation of George Stephens. He received a telephone call from Sue Newbery, who he unintentionally identified as a member of the supreme court clerk's staff. Ms. Newbery asked that he file a motion for rule on the clerk. As a favor or accommodation, Blagg directed that his deputy, Mel Jackson, prepare and file the motion. This was done on July 8, 1996. Later, the transcript was ordered from the court reporter.

The Van Buren County Judge decided to award the public defender contract to Bruce Bennett, terminating Blagg's contract on December 31, 1996.

Even though he no longer was a deputy public defender, Jackson lodged the appeal transcript in January 1997.[1] A motion to be relieved was filed.

Maurice B. Whillock is the County and Circuit Clerk of Van Buren County. The county judge approved a contract with Bruce Bennett, who became public defender on January 1, 1997.

Deputy Public Defender Mel Jackson filed a motion for rule on the clerk at the direction of Blagg.

On April 30, 1997, copies of the Report and Findings of Fact of Master were provided to the parties and their counsel. They were advised that, pursuant to Ark. R. Civ. P. 53(e)(2), they had twenty days in which to file objections. None has filed objections with this court.

Based upon the findings of fact, we conclude that Stephens, Blagg, and Jackson are in contempt for failing to comply with the directives of this court. Because of the rather unusual changes in offices, counsels' respective shared responsibility in filing Caple's record, and other mitigating circumstances, we impose a fine of only $100.00 each. Because Mr. Kirk's notice of appeal was second and ineffective, and because the record reflects he had been otherwise relieved of any appellate responsibilities in this cause, he is not in contempt of this court.

We direct that a copy of this opinion be forwarded to the Committee on Professional Conduct. *See Fellows v. State,* 308 Ark. 258, 823 S.W.2d 893 (1992).

CORBIN, J., dissents.

---

[1] The transcript was tendered on January 24, 1997, not lodged. The court granted Caple's motion for rule on clerk on March 24, 1997, and Caple's brief, by an extension, is due on July 2, 1997.